| | | |
|---|---|---|
| AOC-E-105  Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice   Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **21-CI-00097**<br>Court:   **CIRCUIT**<br>County: **WOLFE** |

*Plantiff,* **ST. JEAN, JANICE VS. KHBBJB, LLC ET AL**, *Defendant*

TO: **IAN TEAL**
   **99 EAGLE RIDGE ROAD**
   **CAMPTON, KY 41301**

Memo: Related party is CLIFFVIEW RESORT, LLC

The Commonwealth of Kentucky to Defendant:
**CLIFFVIEW RESORT, LLC**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Debbie H. Sparks, Wolfe
Circuit Clerk
Date: **11/9/2021**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20_____            _____
                                                                                           Served By

                                                                                           _____
                                                                                           Title

Summons ID: 403348127158454@00000025952
CIRCUIT: 21-CI-00097 Certified Mail
ST. JEAN, JANICE VS. KHBBJB, LLC ET AL



Page 1 of 1

eFiled

Filed        21-CI-00097    11/09/2021        Debbie H. Sparks, Wolfe Circuit Clerk

COMMONWEALTH OF KENTUCKY
WOLFE CIRCUIT COURT
CASE NO. 21-CI-00097
*Electronically filed*

JANICE ST. JEAN,                                                                                PLAINTIFF,

v.

KHBBJB, LLC,

Serve:  B. Scott Graham
        331 East College Avenue
        Stanton, KY 40380

CLIFFVIEW RESORT, LLC,

Serve:  Ian Teal
        99 Eagle Ridge Road
        Campton, KY 41301

and CLIFFVIEW RESORT
AND LODGE, LLC,                                                                                 DEFENDANTS.

Serve: Ian Teal
       99 Eagle Ridge Road
       Campton, KY 41301

### COMPLAINT

Plaintiff, JANICE ST. JEAN, by and through her undersigned attorneys, files this Complaint against Defendants, KHBBJB, LLC, CLIFFVIEW RESORT, LLC, and CLIFFVIEW RESORT AND LODGE, LLC and states as follows:

### INTRODUCTION

1. This is an action by Plaintiff to recover unpaid minimum wage and overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"). Plaintiff also make claims against Defendants under the Kentucky Civil

Filed    21-CI-00097    11/09/2021    1 Debbie H. Sparks, Wolfe Circuit Clerk

Filed          21-CI-00097     11/09/2021          Debbie H. Sparks, Wolfe Circuit Clerk

Rights Act, KRS 344, *et seq.* for discrimination and harassment based on sex and retaliation for engaging in protected conduct.

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b).

3. At all times pertinent to this Complaint, Defendants owned and operated a resort known as the Cliffview Resort.

4. At all times pertinent to this Complaint, Defendants regularly owned and operated a business enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

5. Plaintiff worked as an innkeeper at Defendants' resort and handled "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce on a regular and recurrent basis. These materials included office supplies, telephones, credit card processing equipment, tools, electronic equipment, paper, bedding supplies, cleaners, and other materials necessary for the operation/cleaning of a resort. These materials were manufactured outside the Commonwealth of Kentucky.

6. During the relevant time period, Defendants employed at least two employees who were "engaged in commerce or in the production of goods for commerce" or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i). These materials also included office supplies, telephones, tools, cleaners, bedding supplies, computers, electronic equipment, paper, and other materials necessary for the operation of a resort — and were manufactured outside the Commonwealth of Kentucky.

Filed          21-CI-00097     11/09/2021     2  Debbie H. Sparks, Wolfe Circuit Clerk

Filed          21-CI-00097     11/09/2021         Debbie H. Sparks, Wolfe Circuit Clerk

7.  Plaintiff is entitled to the protections of the FLSA as she was "individually covered" by that statute. During her employment, she was required to use instrumentalities of interstate commerce on a regular and recurrent basis. Plaintiff used instrumentalities of interstate commerce (telephone) on a regular and recurrent basis to, *inter alia,* assist in the operating of Defendants' resort, particularly as to resort guests residing out-of-state. In addition, on a regular and recurrent basis, Plaintiff processed credit card payments for Defendants using instrumentalities of interstate commerce to make calls and or connections (*via* telephone and/or broadband) to banks and credit card processors outside the Commonwealth of Kentucky.

8.  During all times material hereto, Defendants had gross annual revenues in excess of $500,000.

9.  Defendants are subject to the jurisdiction of this Court because they engaged in substantial and not isolated activity within Wolfe County, Kentucky

10. Defendants are also subject to the jurisdiction of this Court because they operated, conducted, engaged in, and/or carried on business in Wolfe County, Kentucky.

11. The amount in controversy exceeds this Court's jurisdictional minimum.

## VENUE

12. The venue of this Court over this controversy is based upon the following:

    a.  The unlawful employment practices alleged below occurred and/or were committed in Wolfe County, Kentucky and

    b.  Defendants were and continue to be an individual/business doing business within Wolfe County, Kentucky.

Filed          21-CI-00097     11/09/2021        ³Debbie H. Sparks, Wolfe Circuit Clerk

Package: 000005 of 000013   Presiding Judge: HON. LISA H. WHISMAN (639405)   Package: 000005 of 000013

Filed    21-CI-00097    11/09/2021    Debbie H. Sparks, Wolfe Circuit Clerk

## PARTIES

13. At all times material hereto, Plaintiff, JANICE ST. JEAN, was a resident of Kentucky and was an "employee" of Defendants within the meaning of the FLSA and KCRA.

14. At all times material hereto, Defendants were conducting business as a resort in Campton, Kentucky.

15. At the times set forth herein, Defendants were the employers of Plaintiff.

16. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

17. At all times material hereto, Defendants failed to pay Plaintiff wages in conformity with the FLSA.

18. Defendants committed a willful, malicious, and unlawful violation of the FLSA, and therefore, are liable for monetary damages.

19. At all times material hereto, Defendants were "enterprise[s] engaged in commerce" within the meaning of the FLSA and were covered by that law.

20. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

21. Plaintiff has fulfilled all conditions precedent to the institution of this action, and/or such conditions have been waived.

## STATEMENT OF FACTS

22. From about January 19, 2020 through or about May 18, 2021, Plaintiff was employed by Defendants as an innkeeper and performed a wide variety of services related to Defendants' operation of a vacation resort in Campton, Kentucky, including but not limited to

cleaning, taking/processing reservations, management, housekeeping, maintenance, and customer service.

23. Defendants' resort is frequently visited by out-of-state residents. Plaintiff frequently would speak to resort guests (or prospective guests) who were outside the Commonwealth of Kentucky regarding resort business.

24. Defendants failed to keep records in full compliance with the FLSA's recordkeeping requirements with respect to Plaintiff.

25. From about January 11, 2020 to about October 23, 2020, Plaintff was paid $400.00 per week. Thereafter, Plaintiff's rate of pay was $425.00 per week.

26. Plaintiff usually worked approximately 85.75 hours per week.

27. Throughout Plaintiff's employment, including in mid-February 2021, Plaintiff complained to her director about why she was being told to work hours without being compensated for them.

28. During Plaintiff's employment, she was subjected to pervasive sexual harassment by an employee of Defendants, Rick Belcher. Rick Belcher was the Defendants' maintenance supervisor.

29. Rick Belcher was at all times material to this Complaint, the spouse of Plaintiff's director, Joyce Belcher.

30. In late 2020, Rick Belcher made sexual advances on Plaintiff, telling her "I'm not getting any at home." Plaintiff was surprised by the comment as Joyce Belcher had mentioned to Plaintiff that Rick Belcher had cheated on her.

31. During another conversation shortly thereafter in late 2020, Plaintiff asked Rick Belcher what she should do with some rechargeable batteries from a work project, and he responded: "You can use them for your vibrator in the nightstand next to your bed."

32. On or about February 5, 2021, Plaintiff advised her manager Nancy Griffin about Rick Belcher's inappropriate comments.

33. In late February 2021, Defendants advised Plaintiff that her position was being terminated. Defendants also denied Plaintiff access to her apartment on Defendants' property.

34. During her employment, Plaintiff stayed in a room at Defendants' resort and was required to respond to resort guest issues at all times of day and night.

35. During Plaintiff's employment, Defendants failed to pay her at or above the applicable minimum wage for hours worked.

36. Even though Plaintiff worked in excess of forty hours per week, Defendants failed to pay her at the rate of time-and-one-half times the applicable minimum wage.

## CLAIM I
## VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

37. Plaintiff realleges Paragraphs 1 through 35 of this Complaint as if fully set forth herein.

38. Plaintiff's employment with Defendants was to consist of a normal workweek for which she was to be compensated at or above the FLSA minimum wage.

39. 29 U.S.C. § 206 requires that any employee covered by the FLSA be paid their minimum wages.

40. During Plaintiff's employment, Defendants paid her less than the statutory minimum wage for all work hours.

41.     Defendants acted willfully and maliciously in failing to pay proper minimum wages to Plaintiff.

42.     As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

## CLAIM II
## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

43.     Plaintiff realleges Paragraphs 1 through 35 as if fully stated herein.

44.     Since Plaintiff's date of hire with Defendants, in addition to her normal regular work week, Plaintiff worked additional hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half.

45.     Plaintiff was entitled to be paid at the rate of time and one-half for her work hours worked in excess of the maximum hours provided for in the FLSA.

46.     Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by her in excess of the maximum hours provided for in the FLSA.

47.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due. Defendants also failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

48.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

49.     Due to the willful, malicious and unlawful acts of Defendants, Plaintiff has suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an

Filed         21-CI-00097      11/09/2021        Debbie H. Sparks, Wolfe Circuit Clerk

equal amount as liquidated damages her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## CLAIM III
### RETALIATION IN VIOLATION OF 29 U.S.C. § 215

50. Plaintiff realleges Paragraphs 1 through 35 as if fully stated herein.

51. Plaintiff engaged in statutorily protected activity when in February 2021, and throughout her employment, she complained to Defendants about their failure to pay wages compliant with the FLSA.

52. Pursuant to 29 U.S.C. § 215, Plaintiff was entitled to engage in and assert activities and rights protected by the FLSA without retaliation.

53. A causal link exists between Defendants' decision to terminate Plaintiff's employment in late February 2021 and Plaintiff engaging in activities protected by the FLSA.

54. Defendants' actions insofar as retaliating against and terminating Plaintiff's employment as set forth herein were not for legitimate, non-retaliatory reasons.

## CLAIM IV
### SEXUAL HARASSMENT IN VIOLATION OF KRS 344.040

55. Plaintiff realleges Paragraphs 1 through 35 as if fully stated herein.

56. Plaintiff is an employee as defined by KRS 344.030(5) and is a member of a protected class.

57. Defendants are employers are defined by KRS 344.030(2).

58. As described previously, Plaintiff's co-worker engaged in severe or pervasive sexual harassment.

59. Defendants knowingly permitted Plaintiff's co-worker to engage in sexual harassment.

Filed          21-CI-00097     11/09/2021        Debbie H. Sparks, Wolfe Circuit Clerk

60. Defendants' employee's conduct and Defendants' refusal to stop it resulted in an offensive, hostile work environment that unduly interfered with Plaintiff's work performance.

61. Defendants' unlawful actions caused Plaintiff to suffer emotionally and psychologically. In addition, she incurred attorney fees and costs in prosecuting this action.

## CLAIM V
## RETALIATION IN VIOLATION OF KRS 344.280

62. Plaintiff realleges Paragraphs 1 through 35 as if fully stated herein.

63. Plaintiff engaged in protected activity when she complained to Nancy Griffin about her co-worker's sexual harassment.

64. Defendants knew of Plaintiff's protected conduct.

65. Defendants terminated Plaintiff's employment in violation of KRS 344.280 because she reported the unlawful harassment.

66. Defendants' unlawful actions caused Plaintiff to lose wages and benefits and to suffer emotionally and psychologically. In addition, she incurred attorney fees and costs in prosecuting this action.

## CLAIM VI
## FAILURE TO PAY MINIMUM WAGE
## IN VIOLATION OF KRS 337.275

67. Plaintiff realleges Paragraphs 1 through 35 of this Complaint as if fully set forth herein.

68. Defendants are employers as that term is defined by KRS 337.010(1)(d).

69. Plaintiff was an employee as that term is defined by KRS 337.010(1)(e).

70. Plaintiff's employment with Defendants was to consist of a normal workweek for which she was to be compensated at or above the Kentucky minimum wage.

71.  KRS 344.275 requires that any employee covered by the statute be paid their minimum wages.

72.  During Plaintiff's employment, Defendants paid her less than the statutory minimum wage for all work hours.

73.  The Defendants acted willfully and maliciously in failing to pay proper minimum wages to the Plaintiff.

74.  As a direct and proximate result of Defendants' willful violation of KRS 337, *et seq.*, Plaintiff is entitled to liquidated damages.

### CLAIM VII
### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF KRS 337.285

75.  Plaintiff realleges Paragraphs 1 through 35 of this Complaint as if fully set forth herein.

76.  Since Plaintiff's date of hire with Defendants, in addition to her normal regular work week, Plaintiff worked additional hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half.

77.  Plaintiff was entitled to be paid at the rate of time and one-half for her work hours worked in excess of the maximum hours provided for by KRS 337.285.

78.  Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by her in excess of the maximum hours provided for by KRS 337.285.

79.  Because Defendants did not act in good faith and did not have reasonable grounds for failing to pay Plaintiff overtime wages, Plaintiff is entitled to liquidated damages.

## CLAIM VIII
## RETALIATION IN VIOLATION OF KRS 337.990(9)

80. Plaintiff realleges Paragraphs 1 through 35 of this Complaint as if fully set forth herein.

81. Plaintiff complained of Defendants' many violations of KRS 337, *et seq.* to her director, Joyce Belcher.

82. After complaining that Defendants violated KRS 337, *et seq.*, Defendants terminated Plaintiff's employment.

83. Defendants terminated Plaintiff in retaliation for complaining of their violations of KRS 337, *et seq.* in violation of KRS 337.990(9).

WHEREFORE, Plaintiff requests trial by jury on all claims so triable and asks the Court to grant judgment in her favor on all claims and award her:

a. Compensatory damages for lost wages and benefits;

b. Compensatory damages for emotional distress;

c. Liquidated damages;

d. Reinstatement or, in the alternative, front pay;

e. Attorney fees; and

f. Costs.

Respectfully submitted,

CRAIG HENRY PLC

/s/ Michele Henry
Michele Henry
401 West Main Street
Suite 1900
Louisville, KY 40202
(502) 614-5962
mhenry@craighenrylaw.com